

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NACIMIENTO WATER COMPANY, INC.,<br><br>          Plaintiff-counter-defendant-<br>          cross-defendant - Appellant,<br><br>  v.<br><br>INTERNATIONAL FIDELITY<br>INSURANCE COMPANY,<br>A New Jersey Corporation,<br><br>          Defendant-counter-claimant-<br>          cross-claimant - Appellee. | No. 15-56323<br><br>D.C. No. 2:13-cv-07959-DDP-MRW<br><br><br>MEMORANDUM[*] |
| NACIMIENTO WATER COMPANY, INC.,<br><br>          Plaintiff-counter-defendant-<br>          cross-defendant - Appellee,<br><br>  v.<br><br>INTERNATIONAL FIDELITY<br>INSURANCE COMPANY,<br>A New Jersey Corporation,<br><br>          Defendant-counter-claimant-<br>          cross-claimant - Appellant. | No. 16-55311<br><br>D.C. No. 2:13-cv-07959-DDP-MRW |

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted April 6, 2017
Pasadena, California

Before: PLAGER,** CLIFTON, and OWENS, Circuit Judges.

Plaintiff Nacimiento Water Company, Inc. appeals the district court's order granting summary judgment in favor of Defendant International Fidelity Insurance Company (IFIC) as to Nacimiento's claim for indemnification under a surety bond. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand.

The district court concluded that Nacimiento's claim was barred as a matter of law by Cal. Civ. Proc. Code § 359.5. This statute provides:

> If the obligations under a surety bond are conditioned upon performance of the principal, the expiration of the statute of limitations with respect to the obligations of the principal, other than the obligations of the principal under the bond, shall also bar an action against the principal or surety under the bond, unless the terms of the bond provide otherwise.

---

** The Honorable S. Jay Plager, United States Circuit Judge for the Federal Circuit, sitting by designation.

Cal. Civ. Proc. Code § 359.5. This statute bars a claim against the surety under the bond if the claim is brought after the limitations period for a claim as to the principal's underlying obligation has expired.

Notably, the actual purpose of Cal. Civ. Proc. Code § 359.5 is to protect the principal to a surety bond from extended exposure to liability based on a longer statute of limitations for an action against the surety. As the California State Legislature noted in passing the bill that was eventually codified as Cal. Civ. Proc. Code § 359.5:

> To allow an action against the surety after any action against the principal is barred in effect eliminates the protection of the statute of limitations for the principal. If a judgment is obtained against the surety, the surety may move against the principal for reimbursement of the damages paid. Further, when a suit is brought against the surety, it involves the principal, his or her employees, and records as part of the litigation.

File of Governor's Office on A.B. No. 2134 (1981-82 Reg. Sess.); *see also* Legis. Counsel's Dig., A.B. No. 2134 (1981-1982 Reg. Sess.). The purpose of the statute also explains why Cal. Civ. Proc. Code § 359.5 requires that any tolling of the statute of limitations with respect to a claim against the surety must be provided for in the bond itself. This ensures that the principal, as a party to the surety bond, had agreed to an extension of the limitations period.

3

Nacimiento argues that IFIC waived this statutory defense when it entered into a mutual tolling agreement with Nacimiento. In response, IFIC contends that it could not have waived the statutory defense intended to protect the Kings (the principals) unless it obtained the Kings' consent. It is undisputed that the Kings were not a party to the mutual tolling agreement.

Tolling agreements are treated as contracts. *See,e.g.*, *Saavedra v. Donova*, 700 F.2d 496, 498 (9th Cir. 1983). Under California law, "[a] contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties." Cal. Civ. Code § 1643.

There is a triable issue as to whether the tolling agreement was intended to extend the limitations period for a claim by Nacimiento against IFIC even though IFIC could not later collect from the Kings, due to their financial circumstances or otherwise. If this was the understanding of the parties in entering into the mutual tolling agreement, then it could be accomplished by recognizing the tolling agreement as including a waiver by IFIC of the protection that might otherwise be provided to IFIC under Cal. Civ. Proc. Code § 359.5. This issue of fact precludes summary judgment in IFIC's favor.

Our disposition of the district court's order denying summary judgment moots IFIC's cross-appeal pertaining to the district court's denial of its motion for attorney's fees.

Costs are to be taxed against IFIC in favor of Nacimiento.

**VACATED AND REMANDED.**

*Nacimiento Water Co., Inc. v. Int'l Fidelity Ins. Co.*, Nos. 15-56323+

OWENS, Circuit Judge, dissenting:

I agree with the district court, so I respectfully dissent.